UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

HealthMed, LLC

   v.                                                  Civil No. 12-cv-213-SM

Vanguard Medical Supply, Inc.

## REPORT AND RECOMMENDATION

    HealthMed, LLC has sued Vanguard Medical Supply, Inc. ("Vanguard") in three counts, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and violation of the New Hampshire Consumer Protection Act ("CPA"), N.H. Rev. Stat. Ann. ch. 358-A. Vanguard has defaulted. See doc. no. 27. Before me for a report and recommendation is HealthMed's motion for default judgment. For the reasons that follow, I recommend that HealthMed's motion for default judgment be granted in part.

    Because default has been entered against it, Vanguard is "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability." S.E.C. v. New Futures Trading Int'l Corp., No. 11-cv-532-JL, 2012 WL 1378558, at *1 (D.N.H. Apr. 20, 2012) (quoting Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002)). However, "[t]he entry of a default does not compel the granting

of a default judgment." Weiss v. GB Mortg., LLC (In re D'Alessandro), Adversary No. 11-4089, 2013 WL 1385745, at *4 (Bankr. D. Mass. Apr. 4, 2013). Rather, default judgment may be granted only if "[t]he claimant [] state[s] a legally valid claim for relief." United States v. Simoneau, No. 12-cv-348-JL, 2012 WL 6917071, at *1 (D.N.H. Dec. 20, 2012) (quoting 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2011)). That is, "[a] court may grant judgment by default only for relief that may lawfully be granted on the well-pleaded facts alleged by the claimant." 10 Moore's, supra § 55.32[1][b] (emphasis added).

The facts alleged in HealthMed's complaint establish a legally valid claim for breach of contract under the common law of New Hampshire. See Lassonde v. Stanton, 157 N.H. 582, 588 (2008) (citing Poland v. Twomey, 156 N.H. 412, 415 (2007)). Those facts, however, do not establish a legally valid claim under the CPA, given the well-established rule in New Hampshire that "[a]n ordinary breach of contract claim . . . is not a violation of the CPA." Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 676 (2013) (quoting George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 129 (2011)). Based upon the foregoing, HealthMed is entitled to its damages for breach of contract, in the amount of $200,748, but not to multiple damages under the CPA.

HealthMed also seeks an award of attorney's fees under both Count I (breach of contract) and Count III (violation of the CPA).  "Where, as here, the court's jurisdiction is based on diversity of the parties, a district court's award of attorneys' fees is governed by relevant state law."  IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 451 (1st Cir. 2010) (citing B. Fernández & Hnos., Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008)).  In New Hampshire, "[a] prevailing party may be awarded attorney's fees when recovery of fees is authorized by statute, an agreement between the parties, or an established judicial exception to the general rule that precludes recovery of such fees."  In re Mason, 164 N.H. 391, 398 (2012) (citing Kessler v. Gleich, 161 N.H. 104, 106 (2010)) (emphasis added).

While the CPA does provide for an award of attorney's fees to a prevailing plaintiff, see RSA 358-A:10, I, HealthMed has not stated a legally valid claim under the CPA, which closes off that avenue to legal fees.  Because there are no facts alleged in HealthMed's complaint concerning an agreement between the parties on attorney's fees or that would support the application of a judicial exception to the general rule against awarding fees, HealthMed is not entitled to an award of the costs and fees in incurred in bringing this action.

### Conclusion

For the foregoing reasons, I recommend that Judge McAuliffe: (1) grant default judgment to HealthMed on the claim for breach of contract stated in Count I; and (2) award HealthMed $200,748 in damages.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

September 9, 2013

cc: Charles P. Bauer, Esq.
    Peter G. Callaghan, Esq.
    Michael D. Ramsdell, Esq.